# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

DONNA RHODES and JASON RHODES, )
)
      **Plaintiffs,** )
)
v. ) Case No. CIV 04-476-P
)
JAMES D. CURTIS and FIRST CLASS )
CARTAGE, INC., )
)
      **Defendants.** )

## ORDER and OPINION

Before the Court is Defendants' Motion in Limine requesting the following categories of evidence to be excluded from the trial of this case:

    1.      The existence of liability insurance;
    2.      The prior or subsequent driving record of Defendant James D. Curtis;
    3.      Any injuries and/or disability sustained by Curtis in this accident;
    4.      The Social Security Administration's determination that Plaintiffs are disabled;
    5.      The ticket Curtis received as a result of the accident;
    6.      The official traffic collision report.

Also before the Court is Plaintiffs' Motion in Limine requesting that evidence of Plaintiff Donna Rhodes's marital history be excluded. For the following reasons, Defendants' Motion is GRANTED IN PART and DENIED IN PART, and Plaintiffs' Motion is GRANTED.

## Discussion

This action arises out of an automobile accident occurring on May 9, 2002 in Wagoner County, Oklahoma. Plaintiffs were traveling in a gold 1985 Dodge cargo van towing a 6x12 feet long U-haul trailer on the Muskogee Turnpike on their way to New Jersey. Defendant James D. Curtis was driving a semi truck in the course of his employment with Defendant First Class Cartage, Inc. Plaintiffs allege that Defendants were negligent.

1

**1. The existence of liability insurance.** Federal Rule of Evidence 411 prohibits the introduction of evidence of liability insurance when such evidence goes to the issue of negligence or wrongful conduct. In the event the parties could identify an applicable exception or some potential for probative value that would circumvent the application of Fed. R. Evid. 411, the Court finds that evidence of liability insurance would be more prejudicial than probative and thus, inadmissible under Fed. R. Evid. 403. The parties are therefore ordered to make no mention of liability insurance during the course of this trial.

**2. Curtis's prior or subsequent driving record.** In general, evidence of other accidents is not admissible to show negligence in an automobile accident case. Deatherage v. Dyer, 530 P.2d 150 (Okla. 1974). Because Plaintiffs' claim against Defendant First Class Cartage for the negligent hiring and retention of Curtis has been resolved on summary judgment, the Court finds that Curtis's prior driving record, in its entirety, is no longer relevant. The Court further finds that any mention of Curtis's subsequent driving record would be irrelevant and unduly prejudicial. However, to the extent to which evidence of accidents in which Curtis was driving a tractor-trailer in the course of his employment could be otherwise relevant to this lawsuit (*i.e.*, not to show negligence in this instance), the Court will address such objections as they arise during trial.

**3. Curtis's injuries and/or disability.** Curtis is not making a counterclaim for his injuries and has not put his medical condition at issue in this case. Only Plaintiffs' injuries are at issue. As such, any information regarding Curtis's injuries and/or disability is irrelevant and potentially confusing, and therefore inadmissible.

**4. Plaintiffs' disabilities.** Since the subject accident, the Social Security

Administration has determined that Plaintiffs are disabled, but made no determination as to the cause of their injuries. The nature, cause, and extent of Plaintiffs' injuries are, however, at issue in this case. The Court therefore finds that any presentation of the determination of the Social Security Administration that Plaintiffs are disabled would result in confusion and undue prejudice.

**5. Curtis's traffic citation.** Evidence of traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty. Walker v. Forrester, 764 P.2d 1337, 1339 (Okla. 1980). Here, although Curtis did receive a ticket, he pleaded nolo contendere. The evidence is therefore inadmissible.

**6. The official traffic collision report.** Beech Aircraft Corp. v. Rainey, 488 U.S. 153 (1988), found that factual findings in an official police report are admissible as an exception to the hearsay rule under Fed. R. Evid. 803(8)(C). Id. at 161-62; *see also* Baker v. Elcona Homes Corp., 588 F.2d 551, 557-58 (6th Cir. 1978), *cert denied,* 441 U.S. 933 (1979) (holding in an automobile accident case that "factual findings admissible under Rule 803(8)(C) may be those which are made by the preparer of the report from disputed evidence"). Of course, the investigating officer may also testify as to his factual findings. To the extent that the report or the officer's testimony reach information about Curtis's ticket or the ultimate issue of which party is legally at fault, such information shall be excluded. Otherwise, because the findings of the investigating officer could be helpful to the jury's determination of the facts surrounding this accident, the Court will address objections on this issue as they arise during trial.

**7. Donna Rhodes's marital history.**  The Court finds that this information is completely irrelevant, unduly prejudicial, and therefore inadmissible.

**Conclusion**

For the foregoing reasons, Defendants' Motion in Limine is GRANTED IN PART and DENIED IN PART.  Plaintiffs' Motion in Limine is GRANTED in its entirety.  In keeping with these findings, parties are directed to avoid any evidence, arguments, comments, and questions designed to elicit information concerning information deemed inadmissible herein, and should so instruct their witnesses.  All exhibits should be edited accordingly, consistent with this Order.

IT IS SO ORDERED this 12th day of April 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma